UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL N. BLALOCK,

        Plaintiff,

v.

HUNTERDON RENTALS LLC and
THOMAS J. BUCSKU,

        Defendants.
                               /

Case No. 2:20-cv-12832

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART MOTION TO DISMISS CLAIMS II–VII [14]**

Plaintiff alleged that Defendants violated state common law when they failed to make payments on promissory notes. ECF 1. In response, Defendants moved to dismiss the complaint in part, ECF 14, and Plaintiff responded, ECF 15. The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant in part and deny in part the motion.

**BACKGROUND**

Defendant Hunterdon Rentals LLC is a New Jersey company and Defendant Thomas Bucsku is the Hunterdon LLC's sole member. ECF 1, PgID 2. Plaintiff alleged that he invested $300,000 in Defendants' rental properties. *Id.* at 2–4. Plaintiff's investment comprised of two groups of promissory notes: four notes (totaling $150,000) in 2017 and two notes (totaling $150,000) in 2018. *Id.* at 3–4. The 2017 notes allegedly "matured on July 18, 2018" and the 2018 notes allegedly

1

"matured on April 10, 2019." *Id.* But the complaint alleged that Defendants never made any payments on any of the notes, and as a result, Plaintiff brought the present lawsuit. *Id.* at 4.

## LEGAL STANDARD

When the Court analyzes a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

Defendants moved to dismiss Plaintiff's second through seventh claims. The Court will address each claim in turn:

I. <u>Fraud</u>

Plaintiff alleged that Defendants "each made intentionally false representations of material fact." ECF 1, PgID 5. Defendants responded that the fraud claim should be dismissed because Plaintiff did not plead it with particularity

2

as required by Federal Rule of Civil Procedure 9. ECF 14, PgID 63–64. It is settled law that fraud claims must meet the heightened pleading standard of Rule 9(b). *See Miller v. Gen. Motors, LLC*, No. 17-cv-14032, 2018 WL 2740240, at *14 (E.D. Mich. June 7, 2018). And when a plaintiff alleges an affirmative misrepresentation, as Plaintiff did here, Rule 9(b) requires a plaintiff to allege "the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.* at *11 (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 551 (6th Cir. 2012)).

The Court need not look beyond the place of the alleged misrepresentation factor to determine that Plaintiff's fraud claim fails. Plaintiff alleged that the complaint satisfied the "place" factor by stating Plaintiff and Hunterdon's residence, and alleging that venue is proper in the Eastern District of Michigan. ECF 15, PgID 78 (citing ECF 1, PgID 2). But the parties' residence and the proper venue for the case alone does not specifically "state where . . . the misrepresentation took place." *Farah v. Federal Nat. Mortg. Ass'n*, No. 13-11787, 2014 WL 1305069, at *4 (E.D. Mich. Mar. 31, 2014) (citations omitted). Because Plaintiff did not allege where the misrepresentation took place the fraud claim necessarily fails.

II. <u>Unjust Enrichment</u>

The Court must analyze the unjust enrichment claim under Michigan law because the Court is sitting in diversity. And under Michigan law, "[t]here is no claim for unjust enrichment where there exists a valid contract covering the same subject matter." *Iverson Indus. Inc. v. Metal Mgmt. Ohio, Inc.*, 525 F. Supp. 2d 911, 922 (E.D.

3

Mich. 2007) (citing *Morris Pumps v. Centerline Piping, Inc.*, 273 Mich. App. 187, 195 (2006)). The present unjust enrichment claim alleges that Plaintiff conferred a benefit to Defendants in the form of the $300,000 in notes and that Defendants were "enriched to Plaintiff's detriment in the amount of" $300,000. ECF 1, PgID 6. But the complaint also alleged that the notes themselves were contracts. *Id.* at 4 ("Contracts existed between Plaintiff and Defendant Hunterdon by virtue of the executed Promissory Notes and receipt of money."). Because the complaint alleged that a contract covered the subject matter at issue, under Michigan law the unjust enrichment claim must fail.

III. <u>Michigan Uniform Securities Act</u>

Next, Plaintiff alleged that Defendants violated the Michigan Uniform Securities Act, Mich. Comp. Laws § 451.2101, *et seq.* ECF 1, PgID 6–8. It is well established that the Michigan Uniform Securities Act ("MUSA") "substantially tracks the language of the" Uniform Securities Act ("Act"). *Mercantile Bank of Mich. v. CLMIA, LLC*, No. 316777, 2015 WL 630259, at *12 (Mich. Ct. App. Feb. 12, 2015); *see also JAC Holding Enter., Inc. v. Atrium Capital Partners, LLC*, 997 F. Supp. 2d 710, 739 (E.D. Mich. 2014) (noting that courts in the Eastern District of Michigan have "held that a securities claim under the Michigan Uniform Securities Act is nearly identical to the corresponding federal securities fraud claim.") (quotations omitted) (cleaned up).

Under the Act, certain notes are not considered securities. *Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990). The Act's list of notes that are not securities "includes

consumer debt, home-mortgage loans, character loans to bank customers, and short-term commercial debt." *U.S. S.E.C. v. Zada*, 787 F.3d 375, 380 (6th Cir. 2015). The Court must consider four factors to determine if a "note bears a resemblance to one of those instruments." *Id.* The factors are: "first, 'the motivation prompting the transaction'; second, the 'plan of distribution'; third the 'reasonable expectation of the investing public'; and fourth, whether a 'risk-reducing factor' (for example, another regulatory scheme) makes application of the Securities Acts unnecessary." *Id.* (quoting *Bass v. Janney Montgomery Scott, Inc.*, 210 F.3d 577, 585 (6th Cir. 2000)).

Defendants do not argue for or against any of the aforementioned factors, ECF 14, PgID 65–67, and the Court cannot determine whether the notes at issue are considered securities covered by the MUSA. The Court will therefore deny Defendant's motion to dismiss the MUSA claim.

IV. <u>Conspiracy to Violate the MUSA</u>

Plaintiff alleged that Defendants conspired to violate the MUSA. ECF 1, PgID 8–9. In response, Defendants argue that the conspiracy claim must fail because "a business entity cannot conspire with its agents or employees." ECF 14, PgID 67. And Plaintiff does not oppose this argument. The Court agrees that "a corporation cannot ordinarily conspire with its agents or employees." *Nurse Midwifery Assocs. v. Hibbett*, 918 F.2d 605, 612 (6th Cir. 1990) (citations omitted). Thus, Plaintiff's conspiracy claim lacks merit and must be dismissed.

V.   Conversion

Plaintiff also alleges that Defendants "converted monies owed to Plaintiff." ECF 1, PgID 9. But "a conversion claim cannot be brought where the property right alleged to have been converted arises entirely from the plaintiff's contractual rights." *Llewellyn-Jones v. Metro Prop. Group, LLC*, 22 F. Supp. 3d 760, 788 (E.D. Mich. 2014) (cleaned up) (internal quotation omitted). Because Plaintiff's claims are based purely in contract, *see* ECF 1, PgID 4 (breach of contract claim); ECF 1-1 (contracts), the conversion claim must be dismissed.

VI.   Michigan Consumer Protection Act

Finally, the Michigan Consumer Protection Act ("MCPA") claim fails because Plaintiff's complaint surrounds a business, and not a personal transaction. *See* ECF 1, PgID 3 ("Defendants purchased the properties with the intent of leasing and managing them for a profit."). And "[u]nder Michigan law, 'if an item is purchased primarily for business or commercial rather than personal purposes, the MCPA does not supply protection." *Llewellyn-Jones*, 22 F. Supp. 3d at 789 (quoting *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 273 (1999)). Because the case arises from a commercial transaction the MCPA claim must be dismissed.

**CONCLUSION**

In sum, the Court will dismiss Plaintiff's fraud, unjust enrichment, conspiracy, conversion, and MCPA claims. Defendant must answer Plaintiff's breach of contract and MUSA claims within twenty-one days of this order.

## ORDER

**WHEREFORE** it is hereby **ORDERED that** Defendants' motion to dismiss Claims II–VII [17] is **GRANTED IN PART and DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's fraud, unjust enrichment, conspiracy, conversion, and MCPA claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss as it relates to Plaintiff's remaining claims is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants must **ANSWER** the complaint within **21 days** of this order.

**SO ORDERED**.

                                              s/Stephen J. Murphy, III
                                              STEPHEN J. MURPHY, III
                                              United States District Judge

Dated: May 11, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 11, 2021, by electronic and/or ordinary mail.

                                              s/David P. Parker
                                              Case Manager